# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4322**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MARIUS A. BROWN,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:18-cr-00002-JPB-JPM-1)

Submitted:  May 28, 2021                      Decided:  July 28, 2021

Before HARRIS, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Shawn A. Morgan, Christopher Etheredge, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellant.  William J. Powell, United States Attorney, Shawn M. Adkins, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marius A. Brown appeals from his conviction for possession of a firearm by a convicted felon, challenging the search of his home. Brown asserts that probable cause did not exist to believe that he committed the offense listed in the state search warrant, wanton endangerment in violation of W. Va. Code § 61-7-12. Specifically, Brown asserts that using a firearm to break a car window, as was alleged, is insufficient to establish wanton endangerment under state law. We affirm.

This court "review[s] the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012). When the district court has denied a defendant's suppression motion, we construe the evidence in the light most favorable to the Government. *Id.* "The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Lull*, 824 F.3d 109, 115 (4th Cir. 2016) (internal quotation marks and alterations omitted). "[T]he concept of probable cause is not subject to a precise definition." *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011). In making a determination of whether probable cause exists, a judicial officer must "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit[,] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (internal quotation marks omitted). "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996).

An individual commits wanton endangerment if he "wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another." *State v. Bell*, 565 S.E.2d 430, 434-35 (W. Va. 2002) (quoting W. Va. Code § 61-7-12). Discharge of the firearm is not an element. *State v. Hulbert*, 544 S.E.2d 919, 930 (W. Va. 2001).

Brown contends that the search warrant affidavit did not provide probable cause to believe that he committed wanton endangerment because there were no allegations that he pointed the gun at anyone. While he admits that the cases cited above, and others, state that "any act" with a firearm may constitute wanton endangerment, he asserts that West Virginia has not actually applied the statute to mere brandishing or other uses of a firearm that did not include either discharging it or pointing it at someone. However, the question here is not sufficiency of the evidence. Instead, the question is whether the magistrate judge who issued the search warrant had probable cause to believe that evidence of the crime of wanton endangerment was to be found in Brown's home.

The affidavit stated that Brown had been involved in a domestic dispute, had used a firearm to break the window of his ex-girlfriend's car,[*] had injured himself in the process,

---

[*] Brown contends that the state officer misled the magistrate in the affidavit by stating that Brown "used a firearm" to break the car window because those words suggested that Brown had broken the window by discharging the weapon rather than using it as a blunt instrument. Brown states that the officer's omission of this information was grounds for a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154 (1978). To obtain a *Franks* evidentiary hearing on allegedly false or misleading statements in a search warrant affidavit, a defendant faces a heavy burden which increases even more when the defendant relies upon omissions. *United States v. Tate*, 524 F.3d 449, 454-55 (4th Cir. 2008). A claim that an omission was negligent or an innocent mistake is insufficient; instead, the (Continued)

was yelling and uncooperative, and had entered the house with the firearm and returned without it. Brown does not dispute the veracity of any of these statements. Regardless of whether these facts alone would be sufficient to uphold a conviction for wanton endangerment, we find that they provided reasonable grounds to believe that Brown had committed that crime and that evidence of the crime could be found in his home. *See Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (defining probable cause). Because there is a fair probability that this conduct violated the West Virginia wanton endangerment statute, we conclude that the affidavit provided probable cause to search the premises.

The remainder of Brown's brief argues that the good faith exception does not apply and that DNA evidence and statements acquired subsequently by federal authorities were "fruit of the poisonous tree." Given our conclusion that the warrant was based on probable cause, these claims are unavailing. As such, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

defendant must make a detailed offer of proof and show that consideration of the omitted information would have defeated probable cause. *See United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990). As discussed herein, use of the weapon as a blunt instrument still provided probable cause supporting issuance of the warrant. As such, Brown was not entitled to a *Franks* hearing.